UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

|  |  |  |
|---|---|---|
| MATTEL, INC., | : |  |
| Plaintiff, | : |  |
| - against - | : | 20 Civ. |
| THE ENTITIES DOING BUSINESS AS POWERWHEELSTOYS AT THE URL WWW.POWERWHEELSTOYS.COM, JOHN DOE NOS. 1-5 AND ABC ENTITY NOS. 1-5, | : : : | |
| Defendants. | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

### COMPLAINT AND JURY DEMAND

Plaintiff Mattel, Inc. ("Mattel"), for its complaint against the entities doing business as powerwheelstoys at the URL www.powerwheelstoys.com ("PWT"), John Doe Nos. 1-5 and ABC Entity Nos. 1-5 (collectively "Defendants"), alleges:

### Nature of the Action

1.      Mattel is bringing this action because Defendants have infringed Mattel's rights under federal law in the trademark POWER WHEELS®.

### Jurisdiction and Venue

2.      The Court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. §§ 1331 and 1338 because those claims arise under the laws of the United States.

3.      Venue in this Court is proper under 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to the claims occurred in this District.

4.      The Court has personal jurisdiction over Defendants pursuant to New York CPLR § 302(a)(1) because they have contracted to supply goods in this State, or shipped goods into this State, from which the present claims arise.

<u>The Parties to this Action</u>

5.      Mattel is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in El Segundo, California.

6.      Upon information and belief, PWT is an entity, or group of entities, whose place of organization and principal place of business is currently unknown but is, upon information and belief, outside the State of New York.

7.      Upon information and belief, John Doe Nos. 1-5 are natural persons who are associates of PWT, whose identity and residence are unknown to us, but are, upon information and belief, outside the State of New York.

8.      Upon information and belief, ABC Entity Nos. 1-5 are entities who are associates of PWT, whose state or country of incorporation or organization are unknown to us, but are, upon information and belief, outside the State of New York.

<u>Background of this Action</u>

A.      <u>Mattel's Ownership of the POWER WHEELS® Mark</u>

9.      Mattel, with its family of companies, manufactures consumer products and is one of the world's most successful manufacturers and marketers of toys, games, and playthings.

10.      Mattel manufactures, among other things, ride-on toy vehicles, which it advertises and distributes using the mark POWER WHEELS®.

11.      The POWER WHEELS® mark was registered on the Principal Register of the U.S. Patent & Trademark Office ("PTO"), as U.S. Trademark Registration No. 1,374,017, No.

1,671,657, No. 2,043,428 and No. 5,504,969 (collectively the "POWER WHEELS®

Registrations"), for "children's ride-on toy vehicles."  The POWER WHEELS® Registrations

are valid and subsisting.  Mattel owns the POWER WHEELS® Registrations.  A true and correct

copy of the POWER WHEELS® Registrations are attached as Exhibits A, B, C and D.

12.     Upon information and belief, the POWER WHEELS® mark is famous

throughout the United States, and the general public recognizes the POWER WHEELS® mark as

indicating Mattel as the source of the products.

13.     Upon information and belief, the general public associates Mattel's POWER

WHEELS® mark with high quality, distinguishing Mattel's products from those of its

competitors.

B.     Defendants' Infringing Activities

14.     Upon information and belief, Defendants are engaged in the sale and distribution

of, *inter alia*, toys and novelty items.

15.     Defendants have registered the domain name powerwheelstoys.com.

16.     Defendants have used "POWER WHEELS" as a mark in commerce to advertise

non-Mattel children's ride-on toy vehicles on the website located at the URL

www.powerwheelstoys.com.

17.     On this website, Defendants use Mattel's POWER WHEELS® mark as a logo.  A

copy of the front page of the website is attached as Exhibit E.

18.     Mattel has not licensed, or otherwise authorized, Defendants to use Mattel's

POWER WHEELS® mark, or to register or use the domain name powerwheelstoys.com.

19.     Upon information and belief, Defendants' infringement of POWER WHEELS®

was intentional and willful.

3

A FIRST CLAIM FOR RELIEF
(Trademark Infringement Under 15 U.S.C. § 1114(1)(a))

20.     Mattel incorporates by reference the allegations contained in paragraphs 1 through

19 as if fully stated herein.

21.     The POWER WHEELS® mark is valid and enforceable.

22.     The POWER WHEELS® Registrations are valid and enforceable.

23.     Mattel did not consent to Defendants' use of "POWER WHEELS," in connection

with the sale of Defendants' children's ride-on toy vehicles or otherwise.

24.     Defendants' use of "POWER WHEELS" in connection with the sale of

Defendants' children's ride-on toy vehicles is identical to the POWER WHEELS® mark.

25.     Defendants' use in commerce of the mark "POWER WHEELS" for children's

ride-on toy vehicles is likely to cause confusion as to the source or sponsorship of Defendants'

products, and to deceive purchasers as to the affiliation, connection, or association of Mattel with

those products.

26.     Upon information and belief, at the time Defendants began using "POWER

WHEELS," Defendants knew of (i) Mattel's ownership of the POWER WHEELS® mark, (ii) the

fame of the POWER WHEELS® mark, and (iii) the valuable goodwill and reputation of the

POWER WHEELS® mark.

27.     Defendants' acts constitute an infringement of Mattel's POWER WHEELS®

mark in violation of the Lanham Act, 15 U.S.C. § 1114(1)(a).

28.     As a direct and proximate result of Defendants' infringing acts, Mattel has

suffered and will continue to suffer damage to its business reputation and goodwill.  Defendants

will continue, unless restrained, to use "POWER WHEELS," and will cause irreparable damage

to Mattel.  Mattel has no adequate remedy at law.  Mattel is entitled to an injunction, pursuant to

15 U.S.C. § 1116(a), restraining Defendants, their officers, agents, servants, employees and

attorneys, and all persons acting in concert with any of them, from engaging in further acts of

trademark infringement.

29.     Mattel is further entitled to recover from Defendants the actual damages it

sustained as a result of Defendants' infringing acts, and Defendants' profits from their infringing

acts, pursuant to 15 U.S.C. § 1117(a), in an amount to be determined by the trier of fact.

30.     Because of the willful nature of Defendants' infringing acts, Mattel is entitled to

an award of treble damages or treble profits under 15 U.S.C. § 1117(a).

31.     Mattel is also entitled to recover its attorneys' fees and costs of suit pursuant to 15

U.S.C. § 1117(a).

A SECOND CLAIM FOR RELIEF
(Trademark Counterfeiting Under 15 U.S.C. §§ 1114(1)(a) and 1116(d)(1)(B))

32.     Mattel hereby incorporates by reference the allegations contained in paragraphs 1

through 31 as if fully stated herein.

33.     Defendants have infringed Mattel's POWER WHEELS® mark through the use of

a counterfeit mark within the meaning of 15 U.S.C. §§ 1114(1)(a) and 1116(d)(1)(B).

34.     Defendants intentionally used a counterfeit of Mattel's POWER WHEELS®

mark.

35.     As a result of Defendants' intentional use of a counterfeit of Mattel's POWER

WHEELS® mark, Mattel is entitled pursuant to 15 U.S.C. § 1117(b) to recover treble its

damages or treble Defendants' profits from the sale of their "POWER WHEELS" products.

36.     Alternatively, as a result of Defendants' intentional use of a counterfeit of Mattel's

POWER WHEELS® mark, Mattel is entitled to statutory damages of not less than $1,000, but

not more than $2,000,000 pursuant to 15 U.S.C. § 1117(c).

37.     Mattel is also entitled to recover its attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117(a).

## A THIRD CLAIM FOR RELIEF
### (False Designation of Origin Under 15 U.S.C. § 1125(a))

38.     Mattel hereby incorporates by reference the allegations contained in paragraphs 1 through 37 as if fully stated herein.

39.     Defendants' actions with respect to their marketing and selling "POWER WHEELS" products constitute a false designation of origin in violation of 15 U.S.C. § 1125(a).

40.     As a direct and proximate result of Defendants' wrongful acts, Mattel has suffered and continues to suffer damage to its business reputation and goodwill.  Defendants will continue, unless restrained, to use the "POWER WHEELS" mark and will cause irreparable damage to Mattel.  Mattel has no adequate remedy at law.  Mattel is entitled to an injunction, pursuant to 15 U.S.C. § 1116(a), restraining Defendants, their officers, agents, servants, employees and attorneys, and all persons acting in concert with them, from engaging in further acts of false designation of origin.

41.     Mattel is further entitled to recover from Defendants the actual damages it sustained as a result of Defendants' infringing acts, and Defendants' profits from their infringing acts, pursuant to 15 U.S.C. § 1117(a), in an amount to be determined by the trier of fact.

42.     Because of the willful nature of Defendants' wrongful acts, Mattel is entitled to an award of treble damages or treble profits pursuant to 15 U.S.C. § 1117(a).

43.     Mattel is also entitled to recover its attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117(a).

A FOURTH CLAIM FOR RELIEF
(Federal Trademark Dilution Under 15 U.S.C. § 1125(c))

44.     Mattel hereby incorporates by reference the allegations contained in paragraphs 1

through 43 as if fully stated herein.

45.     The POWER WHEELS® mark is inherently distinctive and has acquired

distinction through long, continuous, and exclusive use for the POWER WHEELS® product and

related items.

46.     Mattel has promoted POWER WHEELS® products throughout the United States

and worldwide under its POWER WHEELS® mark.  As a result of such promotion and national

recognition, Mattel's POWER WHEELS® mark has become recognized nationally and

internationally as the goods of Mattel.

47.     Mattel's POWER WHEELS® mark is famous within the meaning of 15 U.S.C.

§ 1125(c).

48.     Defendants' activities in commerce were conducted with full recognition of

Mattel's worldwide use of its POWER WHEELS® mark and commenced after the mark had

become famous.  Such activities have diluted, and will continue to dilute, the distinctive quality

of Mattel's POWER WHEELS® mark by lessening the trademark's capacity to identify and

distinguish Mattel's goods and by tarnishing the trademark in violation of 15 U.S.C.

§ 1125(c)(1).

49.     As a direct and proximate result of Defendants' wrongful acts, Mattel has suffered

and continues to suffer dilution of the distinctive quality and the tarnishing of the POWER

WHEELS® mark.  Defendants will continue, unless restrained, to use Mattel's POWER

WHEELS® mark and will cause irreparable damage to Mattel.  Mattel has no adequate remedy at

law.  Mattel is entitled to an injunction, under 15 U.S.C. §§ 1125(c)(1) and 1116(a), restraining

7

Defendants, their officers, agents, servants, employees and attorneys, and all persons acting in

concert with any of them, from engaging in further acts of dilution.

50.     Mattel is further entitled to recover from Defendants the actual damages it

sustained as a result of Defendants' infringing acts, and Defendants' profits from their infringing

acts, pursuant to 15 U.S.C. § 1117(a), in an amount to be determined by the trier of fact.

51.     Because of the willful nature of Defendants' wrongful acts, Mattel is entitled to an

award of treble damages pursuant to 15 U.S.C. § 1117(a).

52.     Mattel is also entitled to recover its attorneys' fees and costs of suit pursuant to 15

U.S.C. § 1117(a).

A FIFTH CLAIM FOR RELIEF
(Anticybersquatting under 15 U.S.C. § 1125(d))

53.     Mattel hereby incorporates by reference the allegations contained in paragraphs 1

through 52 as if fully stated herein.

54.     Defendants have registered the Internet domain name powerwheelstoys.com. This

domain name is "confusingly similar" to and "dilutive of" Mattel's POWER WHEELS® mark.

This domain name registration continues in effect as of the filing of this complaint.

55.     Defendants have registered and/or used the Internet domain name

powerwheelstoys.com in a bad faith attempt to profit from Mattel's POWER WHEELS® mark.

56.     Defendants have violated the Anticybersquatting Consumer Protection Act of

1999, 15 U.S.C. § 1125(d).

57.     Mattel is therefore entitled to an order transferring this domain name registration

to Mattel, and damages, or statutory damages, from defendants pursuant to 15 U.S.C. § 1117(d)

in the amount of not less than $1,000 but not more than $100,000, as the Court considers just.

8

WHEREFORE, Mattel demands judgment:

1.     Finding that Defendants violated Mattel's trademark rights under 15 U.S.C. § 1114, 15 U.S.C. § 1125(a), 15 U.S.C. § 1125(c)(1), and 15 U.S.C. § 1125(d);

2.     Enjoining Defendants, their officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them, preliminarily during the pendency of this action and permanently thereafter, from:

a.     Manufacturing, transporting, promoting, importing, advertising, publicizing, distributing, offering for sale, or selling any goods under Mattel's POWER WHEELS® mark, or any other mark, name, symbol, or logo that incorporates or is confusingly similar to Mattel's POWER WHEELS® mark;

b.     Falsely implying Mattel's endorsement of Defendants' goods or engaging in any act or series of acts which, either alone or in combination, constitutes unfair methods of competition with Mattel and from otherwise interfering with, or injuring, Mattel's POWER WHEELS® mark or the goodwill associated therewith;

c.     Engaging in any act which dilutes the distinctive quality of Mattel's POWER WHEELS® mark;

d.     Selling any product in connection with a counterfeit of Mattel's POWER WHEELS® mark; and

e.     Using the domain name powerwheelstoys.com for any purpose;

3.     Granting Mattel damages against Defendants, including treble and/or statutory damages, according to proof at the time of trial;

4.      Ordering that Defendants account to Mattel for any and all profits earned as a

result of Defendants' aforesaid acts of infringement in violation of Mattel's rights under the

Lanham Act;

5.      Granting an award of treble damages or treble profits pursuant to 15 U.S.C.

§ 1117 for Defendants' infringement of Mattel's POWER WHEELS® mark;

6.      Compelling defendants to transfer the domain name registration

powerwheelstoys.com to Mattel;

7.      Granting Mattel its costs, expenses, and reasonable attorney's fees;

8.      Granting Mattel pre-judgment interest; and

9.      Granting Mattel such other and further relief as is just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Mattel hereby demands a

trial by jury of all issues in this action that are so triable.

Dated: New York, New York
       December 11, 2020

DUNNEGAN & SCILEPPI LLC

By *William Dunnegan*
       William Dunnegan (WD9316)
       wd@dunnegan.com
       Laura Scileppi (LS0114)
       ls@dunnegan.com
       Attorneys for Plaintiff
         Mattel, Inc.
       350 Fifth Avenue
       New York, New York 10118
       (212) 332-8300